**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUSSELL BUCKNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 4775 |
| | ) | |
| vs. | ) | Judge Bucklo |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OFFER OF PROOF REGARDING PROPOSED 404(b) EVIDENCE**

This is a § 1983 case in which Plaintiffs allege that they were wrongfully arrested, falsely charged, unnecessarily beaten, and had their belongings stolen by Defendant-Officers Jung and Schaller following a traffic stop. In discovery, Plaintiffs identified numerous other individuals who have made claims for false arrest, unreasonable seizure of property, and excessive force against Defendant-Officer Jung. Many of these incidents involved circumstances that are strikingly similar to the conduct at issue in this case. In the final pre-trial order, Plaintiffs identified six individuals who will be called to testify at trial pursuant to FRE 404(b). As explained in Plaintiffs' brief, the testimony of these witnesses is relevant and admissible to show the Defendant-Officers' intent, motive and *modus operandi* in this case.

Defendants have moved to exclude this evidence. This Honorable Court asked Plaintiffs to contact the witnesses and submit an offer of proof describing in more detail the likely substance of their testimony to assist the Court in ruling on Defendants' motion. A description of the proposed evidence based on those witness interviews is below.

**FACTS PLAINTIFFS EXPECT TO ESTABLISH**

In this case, the Defendant-Officers pulled Plaintiffs over for an alleged minor traffic violation (a malfunctioning tail light). Defendant-Officer Jung became extremely aggressive and agitated only moments after arriving at the car, screaming at Plaintiffs, hitting the driver's side

1

window with a retractable baton, and demanding that Plaintiffs get out of the car. Frightened by the officers' aggression, Plaintiffs put their hands up and told the Defendant-Officers that they would like a supervisor called to the scene. Defendant-Officer Jung became enraged and kicked out the Plaintiff's window, shattering the glass, and then pulled Plaintiff Russell Buckner from his seat. A beating ensued. In order to justify and cover up their misconduct, Defendant-Officers charged Plaintiffs with a variety of crimes they did not commit, including aggravated assault on a police officer, resisting arrest, and possession of cannabis. The Defendant-Officers alleged that Plaintiff Buckner had tried to put his car into drive while Schaller was in front of the car. This was false. Plaintiffs had not resisted arrest or threatened the officers in any way. Russell Buckner was not in possession of marijuana. At the police station, Defendant-Officers confiscated Plaintiffs' personal belongings, including their watches. These items were not inventoried or returned.

Plaintiffs appeared in court on the false charges. All of the charges were dismissed because Defendant-Officers failed to come to court.

**VAN JOHNSON**

Johnson is a 49-year-old resident of the City of Chicago. He is employed as a CTA bus driver, a position he has held for approximately 13 years. He has never been convicted of a crime. Johnson is willing to appear in court and testify.

On August 5, 2007, Johnson was driving eastbound on 79th Street on his way to a picnic. His friend Corey Hollins was in the passenger seat. Johnson's car was pulled over by Chicago Police Officer Jaeho Jung. Officer Jung came up to the driver's side of the car. Johnson asked Jung why he was stopped. Officer Jung said that Johnson ran a stop sign. Johnson had not run a stop sign and told Jung that he hadn't run a stop sign. Officer Jung asked for Johnson's drivers license, and Johnson gave it to him.

Officer Jung ticketed Johnson for failure to stop at a stop sign and driving without insurance. Johnson told Officer Jung that he had valid car insurance and tried to show him his insurance card. Officer Jung handcuffed Johnson and charged him with aggravated assault to a police officer. Officer Jung also ordered Corey Hollins out of the car and arrested him.

2

Johnson learned later that Jung wrote a false police report accusing Johnson of threatening to "bitch slap" him to support the false charges of aggravated assault. Johnson did not say this or make any threatening remark to Officer Jung.

Johnson was taken to a police station and held overnight in the police lock up. At the police station, Johnson was required to give Officer Jung all of the property he had with him at the time of the arrest. Johnson saw Officer Jung take his keys and put them in his pocket. In the morning, Johnson's car keys were not with the rest of the property that was taken from him the previous day. When Johnson was released from the police station, he asked for his keys back but they were never returned.

Johnson was given a court date of September 20, 2007. When he went to court, all of the charges against him were dismissed when Jung failed to appear.

Johnson reported Jung's misconduct to the Independent Police Review Authority shortly after the incident, and gave a sworn statement in support of that complaint.

**DWAIN MELTON**

Dwain Melton is a 24-year-old Chicago resident. He is willing to testify in this matter concerning an incident in which Defendant-Officer Jung falsely arrested him, deliberately injured him, and falsely charged him with assault, battery and resisting arrest.

Melton was a rear-seat passenger in his friend Kenneth Washington's car around 7:30 p.m. on April 1, 2008. Washington was driving near 81st and Bishop in Chicago. Officer Jung curbed Washington's vehicle and immediately ordered Melton, Washington and the other passenger out of the car.

Melton asked why they were being stopped, but Jung refused to tell him. Jung and his partner took Melton and Washington to the 6th District police station. At the station, Melton continued to ask Jung why he was being arrested. Jung yanked Melton to his feet, handcuffed him behind his back, and pushed and tripped him, causing him to hit his face on a metal gate. While Melton was on the ground on his stomach, Jung and other officers hit and kicked him. Melton was treated for his injuries at Trinity Hospital.

Officer Jung wrote a false report charging Melton with assault, battery and resisting

3

arrest. Jung claimed that Melton had said he would "kick [Jung's] ass" and had tried to elbow Jung. Melton never made such a statement nor did he try to touch Jung in any way. The charges were dismissed after Melton appeared in court one time.

**TERRANCE WALTON**

Terrance Walton is a 33-year-old resident of Chicago. He is willing to come to court to testify regarding his March 13, 2009, arrest by Defendant-Officer Jung.

Walton was walking to his car, which was parked on the 8000 block of South Ashland Avenue, when Officer Jung approached him and seized him. Officer Jung searched through Walton's pockets. No contraband was found. Jung took Walton's drivers license. Walton asked why he was being stopped and Jung did not respond. He handcuffed Walton and put him in the back of his police car. Jung ran Walton's name and learned that Walton was on parole. Jung told Walton that if he did not get a gun for him, his car would be seized and he would go to jail. Walton responded that he didn't know of any guns and he hadn't broken any law.

Jung transported Walton to the police station. Walton asked why he was being arrested and what he was being charged with. Jung would not tell him. Walton did not learn until he was taken to bond court at 26th and California that Jung had charged him with possession of cannabis with intent to deliver. Walton was not in possession of cannabis. The charges were baseless and were dismissed at Walton's first court appearance.

## CONCLUSION

In this case, the Defendants deny that they used excessive force on Plaintiffs, and claim that any force they used was a reasonable reaction to the actions of the Plaintiffs. The Defendants also deny confiscating Plaintiffs' possessions, and contend they failed to come to court because they were not notified of the date.

Plaintiffs' position is that the Defendant-Officers used excessive force and instituted false charges against them to retaliate against them for challenging the officers' authority. The 404(b) witnesses Plaintiffs plan to call at trial are relevant to rebut the Defendants' claims of innocent intentions in using force and charging Plaintiffs with crimes. Accordingly, they should be permitted to testify at trial.

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for Plaintiffs*

Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois  60602
(312) 795-9595